UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAQAR Q. MIAN, *et al.*,

    Plaintiffs,

v.

MAZHAR JAFFRY, *et al.*,

    Defendants.

Case No. 22-cv-10212
Hon. Matthew F. Leitman

_____/

## ORDER TO SHOW CAUSE OR FILE AN AMENDED COMPLAINT

On February 3, 2022, Plaintiff Waqar Q. Mian filed this *pro se* action against Defendants Mazhar Jaffry, Prime Accountable Care West LLC, Prime Accountable Care LLC, Prime Toxicology LLC, Mid Michigan Medicine PC, and Tazeen Ahmed MD.[1] (*See* Compl., ECF No. 1.) Mian appears to allege that Defendants, among other things, "locked [him] out of [his] bank account and tried to force" him to sell his business to them "with aggressive tactics." (*Id.*, PageID.19.)

Federal courts are courts of limited jurisdiction. This Court has subject-matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2)

---

[1] It also appears that Tricity Laboratory, LLC and Prime PO, LLC may also be proceeding as Plaintiffs in this action, but that is not entirely clear from the face of the Complaint.

1

"all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). The Court is obligated to consider *sua sponte* in every action whether it has subject-matter jurisdiction and to dismiss the action if it lacks such jurisdiction. *See, e.g.*, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *See also* Fed. Rule Civ. Proc. 12(h)(3).

Mian appears to assert that this Court has jurisdiction on two bases: (1) pursuant to 28 U.S.C. § 1331 based on a federal question because he raises a claim of "organized crime" and (2) pursuant to 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy. (Compl., ECF No. 1, PageID.17-19.)

With respect to "federal question jurisdiction," Mian has not sufficiently alleged that Defendants have violated any federal laws or constitutional provisions. While he claims that Defendants were involved in "organized crime," he has neither specifically identified the federal laws Defendants allegedly violated nor pleaded facts that could establish the elements of those violations. Thus, based on the current allegations before the Court, the Court is not persuaded that is has federal question jurisdiction over Mian's claims.

Mian has also failed to plead the existence of "diversity jurisdiction." To properly plead diversity jurisdiction, Mian must plead that he and the Defendants are citizens of different states and that the amount in controversy exceeds

$75,000.00. *See* 28 U.S.C. § 1332. For diversity purposes, a limited liability company is a citizen of each State in which one or more of its members is a citizen. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC.*, 317 F. Supp. 2d 752, 753 (E.D. Mich. 2004) ("For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members."). "As the party requesting a federal forum, [Mian] bears the burden of establishing federal jurisdiction." *Sliding and Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014).

At this time, the Court cannot determine whether it has diversity jurisdiction over this action. The Complaint fails to provide sufficient factual support to establish the citizenship of any of the Defendant limited liability companies. The Complaint does not identify any members of any of the LLC Defendants, nor does it identify the citizenship of those members.[2] The allegations of record are therefore insufficient to establish this Court's diversity jurisdiction in this case. If Mian and at

---

[2] If a member of any of the Defendant LLCs is itself an LLC, the Court needs to know the members of that limited liability company and their citizenships as well (and so on) before it can determine whether it has jurisdiction over this action. *See e.g.*, *V & M Star, LP*, 596 F.3d at 356 ("[B]ecause a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well").

3

least one of the Defendants share citizenship, diversity jurisdiction cannot exist.³ *See* 28 U.S.C. § 1332.

Finally, as noted in footnote one above, it is unclear from the Complaint whether Tricity Laboratory, LLC, and Prime PO, LLC are proceeding as Plaintiffs in this action. But if they are, they cannot appear *pro se* and can only appear through an attorney. While federal law provides that "in all courts of the United States [individuals] may plead and conduct their own cases personally" 28 U.S.C. § 1654, "[t]he law is well-settled that a corporation [or business entity] may appear in federal courts only through licensed counsel and not through *pro se* representation of an officer, agent, or shareholder." *National Labor Relations Board v. Consol. Food Servs., Inc.*, 81 F. App'x 13 n. 1 (6th Cir. 2003) (citations omitted). *See also Evans v. Olson Power Sports, Inc.,* 2009 WL 367690, at *1 (E.D. Mich. Feb. 11, 2009) ("It has been the law for the better part of two centuries […] that a corporation may appear in federal courts only through licensed counsel"). The Court will therefore not allow Tricity Laboratory, LLC, and Prime PO, LLC to appear in this action without counsel.

---

³ In addition, if Tricity Laboratory, LLC, and/or Prime PO, LLC are proceeding as Plaintiffs in this action, the Court would need to know their members and the citizenship of their members as well in order to determine whether diversity jurisdiction exists.

Accordingly, **IT IS HEREBY ORDERED** that Mian shall, by no later than **July 18, 2022**, either (1) **SHOW CAUSE** in writing why this action should not be dismissed for lack of subject-matter jurisdiction, or (2) file an Amended Complaint providing sufficient factual support to establish this Court's subject-matter jurisdiction. In addition, if Tricity Laboratory, LLC, and/or Prime PO, LLC intend to appear in this action as a Plaintiff, they shall obtain counsel and have counsel file an appearance with the Court by no later than **July 18, 2022**. If counsel does not appear by that date, the Court will dismiss Tricity Laboratory, LLC, and Prime PO, LLC as Plaintiffs.

    **IT IS SO ORDERED**.

    s/Matthew F. Leitman
    MATTHEW F. LEITMAN
    UNITED STATES DISTRICT JUDGE

Dated: June 15, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 15, 2022, by electronic means and/or ordinary mail.

    s/Holly A. Ryan
    Case Manager
    (313) 234-5126